UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: STANLEY J. CATERBONE, | : | Case No. 16-10517REF[1] |
|---|---|---|
| Debtor | : | Chapter 11 |

# REVISED[2] MEMORANDUM OPINION SUPPORTING ORDER DATED FEBRUARY 18, 2016, DISMISSING CHAPTER 11 PROCEEDING

## I. Introduction

Debtor, Stanley J. Caterbone, initiated this Chapter 11 proceeding when he filed his petition seeking reorganization on January 27, 2016. Debtor failed to attend two separate matters scheduled by this Court. Because he missed those appearances and with the background of other difficulties in this proceeding I dismissed his case on February 18, 2016. On March 4, 2016,[3] fifteen (15) days after the dismissal order, Debtor filed what he captions "Motion for Application for

[1] Debtor captioned his appeal papers using Case No. 16-10167. The correct docket number, 16-10517, was written in above Debtor's incorrect docket number by the Clerk's Office.

[2] This Revised Memorandum is revised solely insofar as I was mistaken about Debtor's attendance at the hearings on February 18, 2016. Debtor left a message with the Clerk's Office earlier today in which he said he was there. Upon my review of the record, I agree. I have deleted Paragraph 19, below, from the original Memorandum.

[3] Debtor's motion is dated Sunday, February 28, 2016, but it was not received by the Clerk's Office, filed, and docketed until March 4, 2016.

Leave to U.S. District Court To Appeal Order of February 17 [sic],[4] 2016," which this Bankruptcy Court as treated as a Notice of Appeal. I file this Memorandum Opinion in further support of my order dated February 18, 2016, pursuant to Local Bankruptcy Rule 8001-1(b), which authorizes me to file this opinion.[5] This opinion will track Debtor's case from the initial filing to the dismissal.

## II. Record from Debtor's Docket Entries

Debtor filed (or I entered orders) in the following instances:

1. Debtor's initial petition includes numerous, lengthy exhibits that accounted a long and tortured history of Debtor's travails and difficulties.
2. Among the disclosures included in the initial petition was notice of the obligation of all individual debtors to obtain credit counseling. Debtor declared himself free of this obligation because he is or was the "Founder of Financial Management Group, Ltd., a financial planning firm." No such exclusion from credit counseling was recognized by Congress in its requirement of credit counseling in Section 109(h) of the Bankruptcy Code, 11 U.S.C. §109(h).

4 The actual date of the Order was February 18, 2016.

5 Local Bankruptcy Rule 8001-1 states: "Opinion in Support of Order. The bankruptcy judge whose order is the subject of an appeal may, within 14 days of the filing of the notice of appeal file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion."

3. In his Schedule A/B list of assets that Debtor brings into the bankruptcy are the usual identification of his home, tools, equipment, automobile, and two other pertinent items: (a.) Debtor's disclosure of $48,000 in cash in his bank accounts and (b.) his disclosure of $54,295,423 that he and certain of his companies will win in litigation, as more particularly described in pages 43 and 44 of his Schedule A/B. His Schedule A/B has no pages enumerated 43 and 44.

4. Debtor identifies certain litigation to which he is or was a party in Part 4 of his Statement of Financial Affairs accompanying his initial petition. He refers to page 242. The Statement has no page 242.

5. In the first few pages of Debtor's Exhibit "A" to his petition, Debtor lists numerous present and past lawsuits, in and against numerous state and federal courts.

6. Also in the early pages of Exhibit "A," Debtor includes on page 43/355 a "Submission as Exhibit by Appelant [sic]" which includes "Outstanding Receivables with Pro Se Billings to Date of $4,295,443.24, December 2, 2015." The Submission is dated Tuesday January 26, 2016. The next page after the Submission, 44/355, constitutes a summary of accounts receivable and billings totaling $4,295,443.24. A notation above the accounting identifies $3,861,115.74 charged by his company Advanced Media Group

for: "Above [sic] includes Invoice to Department of Defense for 23 years of service as unwitting participant in experimentation of Mind Control in the amount of $3,263,162."

7. Accompanying his petition, Debtor included an Application for Individuals To Pay the Filing Fee in Installments, requesting that his filing fee of $1,717 be spread over seven months, ending in late August 2016, in four payments, which length of time is not permitted. On January 27, 2016, I granted his Application, but spread the four payments out over only four months, ending in late May 2016. Furthermore, although this did not affect my grant of his application for payment in installments, Debtor had disclosed that he owned over $40,000 in his bank accounts. Nevertheless, I granted his application for installment payments.

8. Debtor included language on the application for installment payments that I did not see when I considered his application. He wrote on the application, "will file In Forma Pauperis."

9. In every Chapter 11 case filed, I schedule a status conference pursuant to Section 105(d) of the Bankruptcy Code to question the debtor, debtor's counsel, and any other personnel or professionals the debtor believes are necessary to explain some standard questions that I ask each Chapter 11

debtor. On January 27, 2016, I entered an order scheduling such a status conference to be held on February 5, 2016.

10. Debtor failed to appear at the Chapter 11 status conference.

11. A few hours after the scheduled status conference, on February 5, 2016, Debtor appeared in the Clerk's Office and complained that the U.S. Post Office was not providing him with mail at the address he had identified in his petition as his home address. Debtor had identified no alternative notice address. Debtor also complained that he was frozen out of the PACER system that allows remote internet access to his docket and documents. Debtor was delinquent in his payment of relatively small invoices for PACER service and was therefore not permitted to access documents through PACER.

12. On February 5, 2016, therefore, I issued an order to show cause why Debtor's case should not be dismissed for his failure to appear at the Chapter 11 status conference. I scheduled the hearing on his failure to attend the status conference to be heard on February 18, 2016, at 11:00 a.m.

13. On February 5, 2016, Debtor filed his Petition To Proceed in forma pauperis, claiming he was unable to pay the required fee of $171.00 [sic].

14. On February 5, 2016, I issued an order to show cause why Debtor's case should not be dismissed for his failure to obtain credit counseling pursuant

to Section 109(h) of the Bankruptcy Code. The show cause order included detailed reference to Section 109(h) and Pennsylvania bankruptcy court decisions construing Congress' inclusion of Section 109(h) in the definition of a debtor in Title 11 as being a jurisdictional matter over which we have very limited grounds to waive credit counseling.

15. I scheduled the hearing for the credit counseling show cause order on February 18, 2016 at 11:00 a.m.

16. On February 8, 2016, I denied Debtor's request for leave to proceed in forma pauperis on the basis of my having granted his prior request to pay his filing fee in installments.

17. On February 8, 2016, I entered a revised show cause order relating to credit counseling to let Debtor know that his comment on page 5 of his petition about having founded a financial planning company was insufficient to satisfy Section 109(h).

18. Debtor was aware of the February 18, 2016 hearing date.

19. <DELETED>

20. On February 18, 2016, I entered a bench order based upon an oral history that I issued relating to the circumstances leading to the two hearings set for that day.

21. Later in the day on February 18, 2016, I entered a written order dismissing the case and affirming and adopting the oral bench order that I entered in the hearing, which Order was based on Debtor's failure to obtain credit counseling within 180 days before filing his January 27, 2016 petition.

22. I found as a fact above that Debtor was aware of the February 18, 2016, hearings. On February 18, in a document titled "Show Cause Hearing of February 18, 2016," Debtor filed an extensive "Living Declaration and Statement of Fact in the Matter of Caterbone v. the County and City of Lancaster, Pennsylvania, et al February 18, 2016" as an exhibit for the above matter. The Living Declaration included nothing about either credit counseling or Debtor's failure to appear at the Chapter 11 status conference.

23. Debtor filed his Notice of Appeal on March 4, 2016.

24. The Notice of Appeal, however, describes circumstances that appear to establish that Debtor was involuntarily committed to a mental health facility on or about Friday February 19, 2016, the day after the hearings, based upon a commitment order dated February 18, 2016.

# III. DISCUSSION

For ten years, the law in the bankruptcy courts in this District and in the Western District of Pennsylvania has been consistent. When Congress enacted

BAPCPA in April 2005, it included the requirement of credit counseling in the definition of a debtor in Section 109(h). Bankruptcy courts have regarded that congressional mandate as being jurisdictional, i.e., if a person cannot satisfy all of the elements of being a debtor, the courts do not have jurisdiction to consider their attempted bankruptcy case. In re DiPinto, 336 B.R. 693 (Bankr. E.D. Pa. 2006)(Raslavich, B.J.). I have followed and relied upon the DiPinto decision for my ten years on the bench.

Judge Raslavich's decision does not stand alone. DiPinto has been followed and relied upon in other Eastern and Western District of Pennsylvania bankruptcy decisions, (In re Tomco, 339 B.R. 145 (Bankr. W.D. Pa. 2006)(Deller, B.J.); In re Postlethwait, 353 B.R. 428 (Bankr. W.D. Pa. 2006)(Agresti, B.J.); In re Hoshan, No. 07-11889, 2007 WL 1892476 (Bankr. E.D. Pa. June 29, 2007)(Fox, B.J.); and In re Halfpenny, No. 10-16252, 2010 WL 4261223 (Bankr. E.D. Pa. Oct. 22, 2010)(Coleman, B.J.).[6]

Debtor failed to appear at the February 5, 2016 status conference and the February 18, 2016 hearings, which were held before he was committed to the mental health facility. Although his failure to attend the hearings was not formally

---

6 Appealing dismissal on the basis of failing to have credit counseling borders on the frivolous. All persons whose cases are dismissed for failure to obtain credit counseling can rectify the mistake, obtain credit counseling, and re-file their cases in a matter of days. Such a course would take less time out of debtors' lives and would get the debtors' cases back up and running much quicker and more efficiently.

asserted in either my bench order or my written order dismissing his case, they support the dismissal.

I respectfully suggest that the Order dated February 18, 2016, dismissing this case be affirmed.

BY THE COURT

Date: March 11, 2016

Richard E. Fehling
United States Bankruptcy Judge